UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IAN LANCELOT URLING, )
 )
    Plaintiff, )
 )
v. ) No. 1:18-CV-98
 )
STATE OF TENNESSEE and )
COFFEE COUNTY SHERIFF'S )
DEPARTMENT, )
 )
    Defendants. )

MEMORANDUM OPINON AND ORDER

This matter is before the Court to address plaintiff's Motion for Leave to Proceed *in forma pauperis*, [Doc. 1], and Motion for Return of Property. [Doc. 2]. Following a review of plaintiff's application and sworn statement, it is hereby **ORDERED** that the plaintiff's motion to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**, and the plaintiff will be permitted to file this action without the prepayment of fees or security therefore. *See* U.S.C. § 1915.

A motion pursuant to Federal Rule of Criminal Procedure 41 is treated "as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000)). Therefore, this Court must now screen plaintiff's Motion for Return of Property, functioning as a Complaint, [Doc. 1], and *sua sponte* dismiss those claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that § 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If

the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed. In performing its screening task, the Court bears in mind that the pleadings of *pro s*e litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines plaintiff's complaint in light of these requirements.

This Court **FINDS** that this action is frivolous because this Court lacks subject matter jurisdiction over the alleged controversy. In his complaint, [Doc. 1], the plaintiff alleges that jurisdiction is proper pursuant to Federal Rule of Criminal Procedure 41(g) and 28 U.S.C. § 1331. Federal Rule of Criminal Procedure 41(g) states:

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Plaintiff is correct that 28 U.S.C. § 1331 grants this Court original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's claim states that his property was confiscated by the Coffee County Sheriff's Department, and that officials of Coffee County refused to return his property. [Doc. 1]. Plaintiff never alleged that his seized property was at any time in the possession of a federal government agent or agency. [*Id.*]. However, Rule 41(g) applies only to the federal government, not to state or local actors. *See United States v. Price*, 841 F.3d 703, 707 (6th Cir. 2016) ("For the district court to grant the [Rule 41] motion, however, the federal government must have itself possessed the property at some point.") (citing *Okoro v. Callaghan*, 324 F.3d 488, 491-92 (7th Cir. 2003)).

2

The Court cannot order the state or local officials to return the property in question. *See United States v. Black*, 2014 WL 3845411 at *3 (E.D. Tenn. Aug. 5, 2014) (citing *Oguaju*, 107 F. App'x at 542-43). For this reason, Rule 41(g) cannot provide him with relief against the State of Tennessee or the Coffee County Sheriff's Department. Although plaintiff cites to 28 U.S.C. § 1331 and Rule 41(g), he does not state a claim under federal law. Because this Court has no jurisdiction over plaintiff's claim, it is hereby **ORDERED** that his case is **DISMISSED WITHOUT PREJUDICE**.

So ordered

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE